## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

CODY BECKER,
individually and on behalf of all
others similarly situated,                           **CLASS ACTION**

      Plaintiff,                                    **JURY TRIAL DEMANDED**

v.

LSCI, INC D/B/A SUN-TEC,

      Defendant.

_____/

## CLASS ACTION COMPLAINT

Plaintiff Cody Becker brings this class action against Defendant LSCI, INC. d/b/a SUN-TEC ("Defendant") and alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1.      This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*., ("TCPA"), arising from Defendant's knowing and willful violations of the TCPA.

2.      Defendant sells, installs and maintains solar energy products including solar water heaters, solar pool heaters and solar photovoltaic systems.[1]

3.      As part of its marketing strategy, Defendant calls unsuspecting parties on their cellular telephones with pre-recorded messages in order to sell them goods and services.

4.      Defendant caused thousands of pre-recorded messages to be sent to the cellular

_____
[1] http://suntecsolarenergy.com

telephones of Plaintiff and Class Members, causing them injuries, including invasion of their privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

5.      Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct. Plaintiff also seeks statutory damages on behalf of himself and Class Members, as defined below, and any other available legal or equitable remedies resulting from the illegal actions of Defendants.

## JURISDICTION AND VENUE

6.      Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one Class member belonging to a different state than Defendant.  Plaintiff seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA").

7.      Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants are deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction.  Further, on information and belief, Defendant has sent the same prerecorded messages complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts have occurred within this district, subjecting Defendant to jurisdiction here.

## PARTIES

8.      Plaintiff is a natural person who, at all times relevant to this action, was a resident of Broward County, Florida.

9.      Defendant is a Florida company with its principal office located at 4625 E. Bay Dr.

#305, Clearwater, FL 33764.  Defendant directs, markets, and provides business activities throughout the State of Florida.

## THE TCPA

10.     The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system or an artificial or prerecorded message; (3) without the recipient's prior express consent.  47 U.S.C. § 227(b)(1)(A).

11.     The TCPA exists to prevent communications like the ones described within this Complaint.  *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

12.     In an action under the TCPA, a plaintiff must show only that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice."  *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

13.     The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA.  According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

14.     In 2012, the FCC issued an order further restricting automated telemarketing calls, requiring "prior express <u>written</u> consent" for such calls to wireless numbers.  *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012) (emphasis supplied).

15.     To obtain express written consent for telemarketing calls, a defendant must establish

that it secured the plaintiff's signature in a form that gives the plaintiff a "'clear and conspicuous disclosure' of the consequences of providing the requested consent….and [the plaintiff] having received this information, agrees unambiguously to receive such calls at a telephone number the [plaintiff] designates." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

16.     The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12).  In determining whether a communication constitutes telemarketing, a court must evaluate the ultimate purpose of the communication.  *See Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 820 (8th Cir. 2015).

17.     "Neither the TCPA nor its implementing regulations 'require an explicit mention of a good, product, or service' where the implication of an improper purpose is 'clear from the context.'" *Id*. (citing *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012)).

18.     "'Telemarketing' occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services." *Golan*, 788 F.3d at 820 (citing 47 C.F.R. § 64.1200(a)(2)(iii) & 47 C.F.R. § 64.1200(f)(12));  *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd at 14098 ¶ 141, 2003 WL 21517853, at *49).

19.     The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA.  *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶¶ 139-142 (2003). This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call *or in the future*.  *Id*.

20.     In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 136 (2003).

21.     If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulaions Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

22.     Further, the FCC has issued rulings and clarified that consumers are entitled to the same consent-based protections for text messages as they are for calls to wireless numbers. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009) ("The FCC has determined that a text message falls within the meaning of 'to make any call' in 47 U.S.C. § 227(b)(1)(A)").

23.     With respect to standing, as recently held by the United States Court of Appeals for the Ninth Circuit:

> Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA "need not allege any *additional* harm beyond the one Congress has identified."

*Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037 (9th Cir. 2017) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016)).

24.     Similarly, the United States Court of Appeals for the Second Circuit recently held that the receipt of a telemarketing or unsolicited call "demonstrates more than a bare violation and satisfies the concrete-injury requirement for standing." *Leyse v. Lifetime Entm't Servs., LLC*, Nos. 16-1133-cv, 16-1425-cv, 2017 U.S. App. LEXIS 2607 (2d Cir. Feb. 15, 2017) (citing *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 725 F.3d 65, 105 (2d Cir. 2013) ("The injury-in-fact necessary

for standing need not be large; an identifiable trifle will suffice."); *Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 819-21 (8th Cir. 2015) (holding that receipt of two brief unsolicited robocalls as voicemail messages was sufficient to establish standing under TCPA); *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1252 (11th Cir. 2015) (holding that injury under similar TCPA provision may be shown by one-minute occupation of fax machine)).

## **FACTS**

25.      On or about January 5, 2019, Defendant called Plaintiff's cellular telephone number ending in 6305 ("6305 Number") with a pre-recorded message.

26.      Upon Plaintiff answering the phone, a pre-recorded message asked Plaintiff to press a number to be connected to a live representative if he was interested in saving money on his energy bills.

27.      After Plaintiff pressed the number, he was connected to a live representative who identified themselves as being with "my green energy".

28.      After answering questions about his energy consumption, Plaintiff was given an appointment for 8 pm on January 7, 2019 for a sales representative to come to the address (the "House") that Plaintiff had provided.

29.      On January 7, 2019, Defendant showed up at the House and because Plaintiff was not there, left the following door hangers for Plaintiff with Defendant's business card:



30.     Also on January 7, 2019, Defendant called Plaintiff at the 6305 Number, identified himself as being with Sun-Tec, and notified Plaintiff that he had missed their scheduled appointment.

31.     Plaintiff is the subscriber and sole user of the 6305 Number.

32.     Defendant or Defendant's agents called Plaintiff on January 5, 2019 from 941-346-3011, a number which upon information and belief, Defendant owns and/or operates and/or is operated

---

[2] The sales representatives name and phone number have been redacted from the business card.

by or on behalf of Defendant.

33.     Plaintiff received the subject calls within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district.

34.     Upon information and belief, Defendant caused similar calls to be sent to individuals residing within this judicial district.

35.     At no point in time did Plaintiff provide Defendant with his express consent to be contacted using a pre-recorded message.

36.     Defendant's unsolicited calls caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.  Defendant's calls also inconvenienced Plaintiff and caused disruption to his daily life.

## CLASS ALLEGATIONS

### PROPOSED CLASS

37.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

38.     Plaintiff brings this case on behalf of the below defined Class:

> **All persons within the United States who, within the four years prior to the filing of this Complaint; were sent a pre-recorded call; from Defendant or anyone on Defendant's behalf; to said person's cellular telephone number; using the same equipment, or type of equipment, used to call Plaintiff's cellular telephone.**

39.     Defendant and their employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

40.     Upon information and belief, Defendant has placed automated calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express

consent.  The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

41.    The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery.  Identification of the Class members is a matter capable of ministerial determination from Defendants' call records.

### COMMON QUESTIONS OF LAW AND FACT

42.    There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class.  Among the questions of law and fact common to the Class are:

(1) Whether Defendant made non-emergency calls to Plaintiff and Class members' cellular telephones using pre-recorded messages;

(2) Whether Defendant can meet their burden of showing that they obtained prior express written consent to make such calls;

(3) Whether Defendant's conduct was knowing and willful;

(4) Whether Defendant is liable for damages, and the amount of such damages; and

(5) Whether Defendant should be enjoined from such conduct in the future.

43.    The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendants routinely calls telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

44.    Plaintiff's claims are typical of the claims of the Class members, as they are all based

on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

45.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

46.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

47.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

### COUNT I
### Violations of the TCPA, 47 U.S.C. § 227(b)
### (On Behalf of Plaintiff and the Class)

48.     Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

49.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or prerecorded or artificial voice… to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

50.     Defendant – or third parties directed by Defendant – used pre-recorded calls to make non-emergency telephone calls to the cellular telephones of Plaintiff and other members of the Class.

51.     These calls were made without regard to whether Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made.

52.     Defendant violated § 227(b)(1)(A)(iii) of the TCPA by using a pre-recorded message to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express consent.

53.     As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls.

**WHEREFORE**, Plaintiff, Cody Becker, on behalf of himself and the other members of the Class, prays for the following relief:

a.     A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b.      A declaration that Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, were willful and knowing;

c.      An injunction prohibiting Defendant from using pre-recorded messages to call telephone numbers assigned to cellular telephones without the prior express consent of the called party;

d.      An award of actual, statutory damages, and/or trebled statutory damages; and

e.      Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the calls as alleged herein.

Date: March 22, 2019

Respectfully submitted,

**EISENBAND LAW, P.A.**
*/s/ Michael Eisenband*
515 E. Las Olas Boulevard, Suite 120
Ft. Lauderdale, Florida 33301
Michael Eisenband
Florida Bar No. 94235
Email: MEisenband@Eisenbandlaw.com
Telephone: 954.533.4092

**HIRALDO P.A.**
Manuel S. Hiraldo
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301

12

Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713

*Counsel for Plaintiff*